UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ALEKSANDAR JANKOVIC<br>A78 845 796 | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| MICHAEL CHERTOFF, Director, | ) | FILED: APRIL 1, 2008 |
| U.S. Department of Homeland Security, | ) | 08CV1869    PH |
| RUTH DOROCHOFF, District Director, | ) | JUDGE DER-YEGHIAYAN |
| Chicago District Office, U. S. Citizenship | ) | MAGISTRATE JUDGE COLE |
| & Immigration Services, and | ) | |
| ROBERT MUELLER, Director, | ) | |
| Federal Bureau of Investigations, | ) | |
| | ) | |
| Defendants. | ) | |

## PETITION FOR WRIT OF MANDAMUS

Plaintiff, ALEKSANDAR JANKOVIC, by and through his own and proper person and

through his attorneys KRIEZELMAN BURTON & ASSOCIATES, LLC, hereby petitions this

Honorable Court for a Writ of Mandamus directing the U.S. Department of Homeland Security,

U.S. Citizenship & Immigration Services (hereinafter "USCIS"), and the Federal Bureau of

Investigations (hereinafter the "FBI") to adjudicate the adjustment of status application and

process any and all background checks pursuant to the same, and in support thereof, states as

follows:

### I.  INTRODUCTION

1.  This is a civil action brought by Mr. Aleksandar Jankovic to compel the Defendants and

those acting under them to take action on an application to adjust status to lawful

permanent residency (Form I-485) filed by Mr. Aleksandar Jankovic with the

USCIS/Department of Homeland Security and on which Defendants and those acting

under them have failed to take timely action.

## II.  JURISDICTION AND VENUE

2.    This court has jurisdiction over this action pursuant to 28 U.S.C. section 1331 (federal

question) in conjunction with 28 U.S.C. section 1361 (mandamus), the Administrative

Procedure Act (APA) (5 U.S.C. § 555(b)), and the Immigration & Nationality Act and

regulations implementing it (Title 8 of the CFR).

3.    Under 28 U.S.C. section 1331, "(t)he district courts shall have original jurisdiction of all

civil actions arising under the Constitution, laws, or treaties of the United States."  There

is jurisdiction under 28 U.S.C. section 1331 because this action arises under the

Administrative Procedure Act (APA) (5 U.S.C. § 555(b) and 5 U.S.C. § 702), and the

Immigration & Nationality Act (INA) and regulations implementing it (Title 8 of the

CFR).

4.    Under 28 U.S.C. section 1361, "(t)he district courts shall have original jurisdiction of any

action in the nature of mandamus to compel an officer or employee of the United States

or any agency thereof to perform a duty owed to the plaintiff."

5.    The APA requires USCIS and the FBI to carry out their duties within a reasonable time.

The provision of the APA that provides this is 5 U.S.C. section 555(b), which states,

"(w)ith due regard for the convenience and necessity of the parties or their

representatives and within a reasonable time, each agency shall proceed to conclude a

matter presented to it."  USCIS and FBI are subject to 5 U.S.C. section 555(b).  Mr.

Jankovic contends that the delays in processing his application for adjustment of status are unreasonable.

6.　Both the regulations and the INA provide numerous examples of duties owed by the USCIS in the adjustment of status process. 8 U.S.C. section 1103 states that "[t]he Attorney General *shall* be charged with the administration and enforcement of this chapter and all other laws relating to the immigration and naturalization of aliens." (emphasis added). The Code of Federal Regulations further provides that each "[e]ach applicant for adjustment of status under this part *shall* be interviewed by an immigration officer," 8 C.F.R. § 245.6 (emphasis added); and, most importantly, that "the applicant *shall* be notified of the decision of the Director, and, if the application is denied, the reasons for the denial," 8 C.F.R. § 245.2 (emphasis added).

7.　The language of the statute and these regulations are mandatory, not discretionary, and requires the Defendant to adjudicate adjustment of status applications. USCIS has a mandatory duty to adjudicate applications and jurisdiction thus vests in mandamus before this Court. *Iddir v. INS*, 301 F.3d 492, 500 (7th Cir. 2002). Further, the FBI is likewise obligated to carry out its duties in an expeditious fashion. Further, because USCIS and the FBI have a duty to adjudicate the application, Mr. Jankovic has a correlative right to have his application adjudicated.

8.　Venue of this action is proper under 28 U.S.C. section 1391(e)(3). The Defendants maintain offices in this district and the USCIS Office in this district is adjudicating Mr. Jankovic's applications. Further, Mr. Jankovic resides in Lake County, Illinois.

## III. PARTIES

9.     ALEKSANDAR JANKOVIC is a native of former Yugoslavia who married a United

States citizen on March 31, 2001.  On or about April 4, 2001, Mr. Jankovic's spouse filed

a Form I-130 visa petition to classify Mr. Jankovic as her immediate relative.  On the

same date, Mr. Jankovic filed Form I-485, an application to adjust status to that of a

permanent resident.  Unfortunately, Mr. Jankovic's spouse became emotionally and

verbally abusive.  Mr. Jankovic eventually filed and received approval on a Form I-360

visa petition, which allows a battered or abused spouse of a U.S. citizen to self-petition

for an immigrant visa.  The petition was approved on June 1, 2005.  Plaintiff was again

interviewed on his application to adjust status on December 6, 2005.  To date, Mr.

Jankovic has received no decision on his adjustment application, whether positive or

negative.

10.    Defendant, RUTH DOROCHOFF, is sued in her official capacity.  She is the Chicago

District Director of USCIS.  As such, she is the Attorney General's designate for the

Chicago District, charged with the duty of administration and enforcement of all the

functions, powers, and duties of USCIS.  On November 25, 2002, the President signed

into law the Homeland Security Act of 2002 (Pub. L. No. 107-296), which created the

new Department of Homeland Security (DHS).  Pursuant to the provisions of the

Homeland Security Act, DHS came into existence on January 24, 2003.  As provided by

the Homeland Security Act and by the Department of Homeland Security Reorganization

Plan of November 25, 2002, as modified (Reorganization Plan), the functions of the INS

of the Department of Justice, and all authorities with respect to those functions,

transferred to DHS on March 1, 2003, and the INS was abolished on that date.  The

transition and savings provisions of the Homeland Security Act, including sections 1512(d) and 1517, provide that references relating to the INS in statutes, regulations, directives or delegations of authority shall be deemed to refer to the appropriate official or component of DHS.

11. Defendant MICHAEL CHERTOFF, the Secretary for the Department of Homeland Security ("DHS"), is being sued in his official capacity only.  Pursuant to the Homeland Security Act of 2002, Pub. L. 107-296, Defendant Chertoff, through his delegates, has authority to adjudicate adjustment of status applications filed with the United States Citizenship and Immigration Services (USCIS) and to accord lawful permanent resident status under the provisions of §245 of the Immigration Act, 8 U.S.C. §1255.

12. Defendant ROBERT MUELLER is sued in his official capacity only, as director of the FBI.  The FBI is responsible for the proper background clearance conducted on each applicant for adjustment of status.

## IV. FACTS

13. Aleksandar Jankovic is a native of former Yugoslavia, born on June 6, 1975, in the city of Belgrade.  He is presently stateless.

14. Mr. Jankovic entered the United States in 1996.

15. On or about March 31, 2001, Mr. Jankovic married a United States citizen.

16. On or about April 4, 2001, Mr. Jankovic's spouse filed a Form I-130 visa petition to classify Mr. Jankovic as her immediate relative.  On the same date, Mr. Jankovic filed a Form I-485, application to adjust status to that of a permanent resident.

17. As the marriage progressed, Mr. Jankovic's spouse became increasingly emotionally and verbally abusive.

18.  On or about December 4, 2003, Mr. Jankovic attended an interview on the Form I-130 visa petition and I-485 application to adjust status at the Chicago District Office of USCIS.  At the interview, Mr. Jankovic indicated to the Immigration Officer that he would be filing Form I-360, a self-petition available to abused spouses of U.S. citizens or legal permanent residents, because of the abuse he suffered.  The Officer held the Form I-485 in abeyance to await the Form I-360 petition.

19.  On or about May 5, 2004, Mr. Jankovic properly filed Form I-360, a form which allows abused or battered spouses to self-petition for a visa, negating the necessity of a Form I-130 visa petition.

20.  On or about October 13, 2004, Mr. Jankovic was again scheduled for and attended an interview on his Form I-485 application to adjust status at the Chicago District Office. The Immigration Officer conducting the interview indicated that he would hold the case in abeyance until the Form I-360 was adjudicated.

21.  Mr. Jankovic's Form I-360 was approved by USCIS on or about June 1, 2005.

22.  Following approval of his Form I-360 visa self-petition, Mr. Jankovic requested that he again be scheduled for an interview on his Form I-485 application to adjust status.  Mr. Jankovic was so scheduled and attended an interview on or about December 6, 2005, at the Chicago District Office.  At the conclusion of the interview, the Immigration Officer issued Mr. Jankovic a Request for Evidence, a response to which was due by January 6, 2006.

23.  Mr. Jankovic responded to the Request for Evidence on or about December 23, 2005, by submitting the additional evidence requested.

24.   Since submitting the additional evidence, Plaintiff has inquired multiple times regarding the status of his application.  Each time, the Plaintiff has only been told that the case is still being processed or under further review.  Plaintiff has received no communication regarding final adjudication of his application.

25.   Recently, USCIS modified its policy regarding FBI name-checks and the adjudication of applications to adjust status.  Recent policy dictates that if a request for an FBI name-check has been pending for 180 days and the application is otherwise approvable, including favorable resolution of the FBI fingerprint check and Interagency Border Inspection Services check, the application shall be approved despite the outstanding name-check.

### REQUEST FOR RELIEF

26.   The allegations contained in paragraphs 1 through 25 above are repeated and re-alleged as though fully set forth herein.

27.   Mr. Jankovic has complied with all of the requirements for filing his application to adjust status to permanent residency.

28.   The Defendants have willfully and unreasonably delayed and have refused to adjudicate the I-485 application to adjust status to lawful permanent residency.

29.    The delay in adjudicating the application is not attributable to Mr. Jankovic.

30.   The Defendants owe Mr. Jankovic a duty to adjudicate the adjustment of status application and have unreasonably failed to perform that duty.  This duty is owed under the Immigration & Nationality Act and its implementing regulations, as well as by the fact that by charging a filing fee, USCIS created for itself an obligation to process and adjudicate the application.

31.    The delay is unreasonable per se.

32.    Alternatively, or in addition thereto, the delay is unreasonable in light of USCIS

estimated processing times and press releases which claim improved processing times

and increased efficiency, and which further indicate that adjustment of status applications

can be processed in less time now than in prior years.

33.    The delay is unreasonable in light of the fact that USCIS has been unable to adequately

respond to any of Mr. Jankovic's inquiries on his application.

34.    By making numerous inquiries on the status of the application, Mr. Jankovic has

exhausted any and all administrative remedies that may exist.  No other remedy exists to

resolve Defendants' delay and lack of ability or willingness to adjudicate Mr. Jankovic's

application for adjustment of status.


WHEREFORE**,** and in light of the foregoing, Plaintiff ALEKSANDAR JANKOVIC,

prays that this Honorable Court:

A.  Assume jurisdiction herein;

B.  Compel the Defendants and those acting under them to perform their duty or duties to

adjudicate the application for adjustment of status (Form I-485);

C.  Compel the Federal Bureau of Investigation, if necessary, to complete background

check processing, including name checks;

D.  Grant such other and further relief, as the Court deems appropriate and just.

Dated:  Chicago, Illinois                          Respectfully Submitted,
      April 1, 2008                              ALEKSANDAR JANKOVIC


                                                         By:_s/_Erin C. Cobb_____
                                                          One of his attorneys


Erin C. Cobb, Esq.
KRIEZELMAN BURTON & ASSOCIATES, LLC
20 North Clark Street, Suite 725
Chicago, Illinois 60602
(312) 332-2550
Atty No. 6289242

9

**VERIFICATION**

I, Erin C. Cobb, under penalty of perjury, state the following:

1.     I am an attorney admitted to practice before this Court.  I am an associate in the firm

of Kriezelman Burton  & Associates, LLC, the attorneys for the Plaintiff in the

foregoing Complaint.

2.     I affirm the truth of the contents of the foregoing Complaint upon information and

belief.  The sources of my information and belief are documents provided to me by,

and conversations with the Plaintiff.


Dated:  Chicago, Illinois
        April 1, 2008



                              __s/ Erin C. Cobb_____
                              Erin C. Cobb
                              #6289242

## CERTIFICATE OF SERVICE

I, ERIN C. COBB, ESQ., attorney for Plaintiff, do certify that on April 2, 2008, I served a copy of the attached **Petition for Writ of Mandamus** via certified mail, return receipt requested, to the following:

Michael Chertoff
Secretary
Department of Homeland Security
Washington, DC 20528

Ruth Dorochoff
District Director
U.S. Citizenship & Immigration Services
101 West Congress Avenue
Chicago, Illinois  60605

Robert Mueller, Director
Federal Bureau of Investigations
J. Edgar Hoover Building
935 Pennsylvania Ave., NW
Washington, D.C. 20535-0001

Michael B. Mukasey
Attorney General
U.S. Department of Justice
950 Pennsylvania Ave, NW
Washington, D.C. 20530

Office of the U.S. Attorney
219 South Dearborn Street, 5th floor
Chicago, Illinois 60604


_____s/ Erin C. Cobb_____
Erin C. Cobb, Esq.


Erin C. Cobb, Esq.
KRIEZELMAN BURTON & ASSOCIATES, LLC
20 North Clark Street, Suite 725
Chicago, Illinois  60602
(312) 332-2550